|     |     |
| --- | --- |
| Ronald Eugene Cousin,<br><br>          Petitioner,<br><br>vs.<br><br>Warden Ramos, et al.,<br><br>          Respondents. | No. CV-07-1153-PHX-ROS (LOA)<br><br>**REPORT AND RECOMMENDATION** |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

This matter arises on Petitioner's Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254. (docket # 1) Respondents have filed a Motion to Dismiss asserting that the Petition is successive and that Petitioner did not obtain the appropriate authorization from the Ninth Circuit before filing his petition. (docket # 12) In response, Petitioner has filed a Motion to Stay conceding that he filed the pending Petition without the appropriate authorization and requesting that the Court stay this matter while he seeks the proper authorization from the Ninth Circuit. (docket # 13)

**I. Factual and Procedural Background**

    **A. Proceedings in State Court**

On August 27, 1993, Petitioner was convicted in Maricopa Superior Court No. CR-92-01395 of four counts of armed robbery, all class 2 felonies, and one count of attempted first-degree murder.[1] (Respondents' Exh. A) The trial court made a finding

---

[1] The Honorable Bernard J. Dougherty presided.

1  regarding prior convictions and sentenced Petitioner to four consecutive life sentences for
2  Counts 1 through 4 and an additional term of 35 years imprisonment for attempted murder,
3  to run consecutive to Petitioner's other sentences.  (Respondents' Exh. A) Petitioner's
4  pending Petition challenges his conviction and sentence in this case. (docket # 1)

### B. First Petition for Writ of Habeas Corpus

On November 2, 1995, Petitioner filed a Petition for Writ of Habeas Corpus in this Court challenging his convictions in Superior Court No. CR-92-1395 and another case, Superior Court No. CR-92-000154. (Respondents' Exh. C-D; CV-95-2382-PHX-ROS (SLV)) On April 4, 1996, Magistrate Judge Stephen L. Verkamp issued a Report and Recommendation (docket # 21 in CV-95-2382-PHX-ROS; Respondents' Exh. E) to which Petitioner objected.  (docket # 22 in  CV-95-2382-PHX-ROS; Respondents' Exh. E) On August 28, 1997, United States District Judge Roslyn O. Silver referred the matter back to the Magistrate Judge to determine whether Petitioner had filed the Petition prematurely. (docket # 31 in CV-95-2382-PHX-ROS; Respondents' Exh. E)

On September 19, 1997, Magistrate Judge Verkamp issued a Supplemental Report and Recommendation recommending that the Petition be denied either because Petitioner's claims were procedurally barred or because his claims lacked merit.  (docket # 34 in CV-95-2382-PHX-ROS; Respondents' Exh. E) Petitioner objected to the Report and Recommendation on the ground that he had timely filed a petition for review with the Arizona Court of Appeals.  (docket # 39 in CV-95-2382-PHX-ROS; Respondents' Exh. E) In the meantime, this matter was reassigned to the Honorable James B. Moran and referred to the undersigned.  After further consideration of the record, including supplemental briefing by Petitioner and Respondent, on March 31, 1999, the undersigned issued a Report and Recommendation recommending that the Petition be dismissed as procedurally barred, or alternatively, because Petitioner's claims lacked merit. (docket # 58 in CV-95-2382-PHX-JBM; Respondents' Exh. E) On November 10, 1999, the Honorable James B. Moran adopted the Report and Recommendation and dismissed the Petition.  (Respondents' Exh. E) Thereafter, on July 1, 2002, the Ninth Circuit affirmed. (Respondents' Exh. F)

### C. Pending Petition

On June 14, 2007, Petitioner filed the pending Petition for Writ of Habeas Corpus challenging his conviction in the Superior Court of Arizona No. CR-93-1395. (docket # 1)

## II. Analysis

Respondents argue that the pending § 2254 petition is successive and should be dismissed because Petitioner did not obtain the proper authorization from the Ninth Circuit before filing this Petition. See, 28 U.S.C. § 2244(b)(3). Petitioner concedes that he did not obtain the proper authorization and requests that the Court stay this matter while he seeks the appropriate authorization from the Ninth Circuit.

If the pending petition is second or successive, pursuant to 28 U.S.C. § 2244(b), Petitioner must obtain authorization from the Ninth Circuit Court of Appeals before he can proceed with this petition. 28 U.S.C. § 2244(b)(3)(A)("*Before* a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.")(emphasis added). The Court of Appeals will not issue an order authorizing a second or successive petition unless petitioner meets the requirements of 28 U.S.C. § 2244(b).

It is established that when the first petition was decided and dismissed on the merits, any later petition is "successive." *Green v. White*, 223 F.3d 1001, 1002 n. 1 (9th Cir. 2000) (citing *Slack v. McDaniel*, 529 U.S. 473, 485- 486 (2000)). The Ninth Circuit Court of Appeals has held that the dismissal of a prior petition based on the doctrine of procedural default renders a subsequent petition "second" or "successive" within the meaning of 28 U.S.C. § 2233(b)(3) because the petitioner "has no further opportunity to obtain a disposition on the merits of his or her claims in the state courts" and the "interest underlying the dismissal of the first petition, i.e., federal-state comity, is still present." *Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005).

Because Petitioner's prior petition for writ of habeas corpus was dismissed both on the merits and as procedurally defaulted, his pending petition is "successive" or "second." *Green,* 223 F.3d at 1002 n. 1.  Accordingly, *before* seeking federal habeas corpus review, Petitioner must seek from the Ninth Circuit Court of Appeals an order authorizing this Court to consider the petition. 28 U.S.C. § 2244(b)(3)(A).  Absent approval from the Ninth Circuit, this court lacks subject matter jurisdiction to consider a second or successive petition.  28 U.S.C. § 2244(b)(3)(A); *Gerlaugh v. Stewart*, 1999 WL 79623 (D.Ariz. February 3, 1999).   Although Petitioner requests that the Court stay this matter while he now seeks the proper authorization from the Ninth Circuit, Petitioner was statutorily required to take this step before filing his petition in this Court and he is not entitled to a stay because the Court lacks jurisdiction over this action.  *In re Page*, 170 F.3d 659, 661 (7th Cir. 1999).  Petitioner's failure to comply with the "gatekeeping" requirement of § 2244 deprives this Court of jurisdiction to consider this matter.  *Burton v. Stewart*, ___ U.S.___, 127 S.Ct. 793, 794-99 (2007)(rejecting the argument that the District Court has jurisdiction to consider the merits of Petitioner's claims notwithstanding this failure to seek permission to file a successive petition because petitioner has a "legitimate excuse" for his failure to raise the claims presented in his second habeas action in his first habeas action.).

In conclusion, this Court lacks jurisdiction over the petition because Petitioner failed to comply with the requirements of 28 U.S.C. § 2244 before seeking habeas corpus review in this Court.

Accordingly,

IT IS HEREBY RECOMMENDED that the Respondents' Motion to Dismiss (docket # 12) be **GRANTED** and that Petitioner's Petition for Writ of Habeas Corpus (docket # 1) be **DISMISSED** without prejudice to Petitioner filing a proper application for consideration of a second or successive petition in the Ninth Circuit pursuant to 28 U.S.C. § 2244.

IT IS FURTHER RECOMMENDED that Petitioner's Motion to Stay (docket # 13) be **DISMISSED** for lack of jurisdiction.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 11th day of September, 2007.

_____
Lawrence O. Anderson
United States Magistrate Judge